Dear Representative Hill:
We respond to the questions presented in your correspondence to this office.
 Question 1 Is a parish juvenile probation officer eligible to become P.O.S.T. certified under the provisions of R.S. 40:2402 and R.S. 40:2405?
Our response to your first question necessitates review of R.S. 40:2405, which requires peace officers to complete the following training requirements, as provided in pertinent part:
 (1) Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Any person who fails to comply with this requirement shall be prohibited from exercising the authority of a peace officer; however, such persons shall not be prohibited from performing administrative duties. (Emphasis added).
A "peace officer" for purposes of R.S. 40:2405 training requirements is defined by R.S. 40:2402 as follows:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
It is the opinion of this office that a juvenile probation officer is a "peace officer" as contemplated by R.S. 40:2402 and R.S. 40:2405 cited above. Our conclusion is predicated upon terms statutorily defined which are pertinent to this issue as discussed herein below.
Note that the Louisiana Children's Code defines "probation officer" in LSA-Ch.C. Art. 116(22) as follows:
 (22) "Probation officer" is a representative of the agency providing supervision services to a court exercising juvenile jurisdiction. It also includes any person designated by the court to serve as the court's probation officer.
A juvenile probation officer is empowered by law to function as a peace officer, as Article 421 of the Louisiana Children's Code pertinently provides:
 Art. 421. Probation officers
 * * *
 A. Probation officers shall have the power and authority to make arrests, serve notices, orders, subpoenas, and writs, and to execute all orders and perform any other duties incident of their office. Nothing herein contained shall be construed to relieve the sheriff from the duties set forth in R.S. 33:1435. (Emphasis added).
Finally, LSA-C.Cr.P. Art. 899(F) deems probation officers to be "peace officers" as follows:
 F. Incidental to the supervision of probationers, probation officers shall be deemed to be peace officers and shall have the same powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions. They have all the immunities and defenses now or hereafter made available to sheriffs, constables, and police officers in any suit brought against them in consequences of acts done in the course of their employment.
The duties imposed upon a juvenile probation officer include those responsibilities statutorily imposed upon peace officers. For this reason, a juvenile probation officer would be correctly characterized as a "peace officer" for purposes of the mandatory training requirements imposed by R.S. 40:2405, and is therefore within the group of individuals mandated by law to complete such requirements.
 Question 2 May a parish juvenile probation officer carry a concealed firearm when in the actual discharge of his official duties?
The illegal carrying of weapons is defined by R.S. 14:95 as follows:
 § 95. Illegal carrying of weapons
 Illegal carrying of weapons is:
 (1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person. . . .
A "person who [is] vested with police power" may carry a concealed weapon while on-duty as provided by R.S. 14:95(G):
 G. The provisions of this Section except Paragraph (4) of Subsection A shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties or, if not actually discharging official duties, when such sheriffs and their deputies and state and city police are full-time, active, or retired from full-time active law enforcement service with at least sixteen years of service upon retirement, excluding medical retirees, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned or retired law enforcement officers. The retired law enforcement officer must be retired from full-time active law enforcement service with at least sixteen years service upon retirement. The retired law enforcement officer must be certified annually in the use of firearms by the Council on Peace Officer Standards and Training and have proof of such certification. (Emphasis added).
This office previously formulated policy reasons supporting the conclusion that juvenile probation officers are permitted to carry concealed weapons. See Attorney General Opinion 85-352, copy attached. We remain of the opinion that a juvenile probation officer is a person "vested with police power" who may carry a concealed weapon while on-duty if certified as required by R.S.14:95(G) quoted above.
 Question 3 May a parish juvenile probation officer carry a concealed firearm at any time while not performing his official duties under the exception provided for in R.S. 14:95(G)?
A juvenile probation officer is not among the group permitted by R.S. 14:95 to carry a concealed weapon while off-duty, as that privilege is limited to those sheriffs, deputy sheriffs, state and city police, and others specifically designated in R.S. 14:95. For example, note that R.S. 14:95(H) would allow the judge of a juvenile court to carry a concealed weapon during off-hours, as that statute provides:
 H. The provisions of this Section shall not prohibit active justices or judges of the supreme court, courts of appeal, district courts, parish courts, juvenile courts, family courts, city courts, and traffic courts, constables, and justices of the peace from possessing and concealing a handgun on their person when the justice or judge, constable or justice of the peace is certified by the Council on Peace Officer Standards and Training.
No such exemption to the general prohibition against carrying a concealed weapon while off-duty is made available for the probation officer of a juvenile court. Thus, we conclude a juvenile probation officer is not permitted to carry a concealed weapon during his off-duty hours.
 Question 4 Is a parish juvenile probation officer entitled to state supplemental and hazardous pay?
Concerning state supplemental pay, note that R.S. 33:2218.1
and 33:2218.2 provide, respectively:
 This law is enacted . . . to promote the public peace and safety, by providing better enforcement of law, and particularly the enforcement of state laws by municipal police officers and full-time commissioned deputy sheriffs.
 * * * * *
 A. In addition to the compensation now paid by any municipality included in this subpart to any police officer, every police officer employed by any municipality . . . shall be paid by the state extra compensation.
A police officer must be paid by a municipality and employed by a municipality in order to receive extra compensation under R.S. 33:2218.2. A juvenile probation officer is not employed by the municipality; rather, he is an employee of the court and is paid by the parish, pursuant to Article 419 of the Children's Code:
 Art. 419. Court personnel
 A. The judge of the court may employee such stenographic, secretarial, and other personnel deemed necessary to make the functions of the court effective and provide adequate service.
 B. The employment of such persons shall be at the expense of the court, and unless otherwise provide by law, shall be paid by the respective parishes. (Emphasis added).
Thus, it is our opinion that a juvenile probation officer employed by the court is not entitled to state supplemental pay afforded to municipal police officers under R.S. 33:2218.2. The legal analysis of the author in Attorney General Opinion 87-280 supports our conclusion concerning state supplemental pay, and while that opinion pertains to university police officers, the analysis is equally applicable to juvenile probation officers. A copy of the opinion is attached for your review.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams